# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melvin Cooper,             :
                                       :
                Petitioner            :
                                         :
             v.                    : No. 778 C.D. 2015
                                         : Submitted: April 29, 2016
Pennsylvania Board of       :
Probation and Parole,        :
                                         :
                Respondent       :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                           **FILED: August 16, 2016**

Melvin Cooper (Petitioner) petitions for review of a determination of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal of a Board order recommitting him as a convicted parole violator to serve 12 months backtime[1] and recalculating his maximum sentence date to April 21, 2020. For the following reasons, we affirm.

---

[1] Backtime is a penalty imposed by the Board for a parole violation; it is "that part of an existing judicially imposed sentence that a parole violator is required to serve as a result of violating the terms of conditions of parole prior to being eligible to again apply for parole." *Santiago v. Pennsylvania Board of Probation and Parole*, 937 A.2d 610, 616 n.2 (Pa. Cmwlth. 2007).

In 2012, Petitioner was sentenced to a term of 1 year and 6 months to 7 years of incarceration for Retail Theft – Take Merchandise. (Certified Record (C.R.) at 1, 2012 Sentence Status Summary.) The original maximum date for this sentence was October 13, 2018. (*Id*.) On April 15, 2013, Petitioner was released on parole. (C.R. at 45-46, Order to Release on Parole.) While on parole, Petitioner underwent a series of mandatory treatments for suboxone and opiate use, culminating in a discharge from the Pyramid Treatment program for failure to attend and to remain sober. (C.R. at 74, Supervision History.) On July 11, 2014, Petitioner failed to report to his parole office as instructed; a certified letter was sent to Petitioner instructing him to report on July 25, 2014, and because he did not do so that day or on any day thereafter, he was declared an absconder.[2] (*Id*.) On July 18, 2014, Petitioner was arrested on new criminal charges for five counts of Retail Theft – Take Merchandise; he was placed in Erie County Prison and parole supervision staff was not notified. (C.R. at 65, Erie County Criminal Docket; C.R. at 74, Supervision History.) Petitioner pled guilty to the charges and was sentenced on November 7, 2014 in the Court of Common Pleas of Erie County to 12 months to 24 months confinement to be served at the Department of Corrections, with 47 days credit for time served, to run concurrently with his original sentence. (C.R. at 72, Sentencing Order.)

On November 19, 2014, Petitioner waived his right to a revocation hearing and to counsel at that hearing and the Board subsequently voted to recommit Petitioner as a convicted parole violator, denying him credit for time at

---

[2] On September 8, 2014, Petitioner reported to his parole office and reported that he had been released from Erie County Prison on or about September 3, 2014; petitioner was taken to State Correctional Institution – Albion on September 8, 2014, and the delinquency was cancelled. (C.R. at 74, Supervision History.)

liberty on parole and determining that the presumptive range of his Retail Theft conviction was 6 to 12 months and he would need to serve 12 months before his reparole review. (C.R. at 77-84, Revocation Hearing Report.) With regard to the issue of credit for time at liberty on parole, the Board checked "No" on the line of the Revocation Hearing Report that states "BOARD ONLY – Credit time spent at liberty on parole: [ ] No [ ] Yes (Excluded offenses on pg. 8)" and further noted "[Inmate] took $106.51 worth of merchandise and put in his sweatpants. He has extensive [history], including IO, of Retail Theft. Continues to have [drug/alcohol] issues while on parole, despite efforts and progressive sanctions." (C.R. at 79, 84, Revocation Hearing Report.) By decision mailed February 10, 2015, the Board recommitted Petitioner as a convicted parole violator to serve 12 months backtime and listed him for reparole review on or before October 22, 2015; his maximum sentence date was recalculated as April 21, 2020. (C.R. at 91, Notice of Board Decision.) Petitioner was granted 60 days of backtime credit, for the period from September 8, 2014, the date on which the Board lodged its warrant, through November 7, 2014, the date on which he was sentenced. (C.R. at 89, Order to Recommit.)

Petitioner filed, *pro se*, a timely administrative appeal, in which he specifically objected to the Board's failure to take into account the sentencing judge's order that the new sentence was to be served concurrently with Petitioner's prior sentence, with 47 days of credit toward the new sentence for time served. (C.R. at 93, Administrative Remedies Form.) On March 28, 2015, the Board denied Petitioner's appeal, treating the petition for administrative review as an objection to the calculation of Petitioner's parole violation maximum date. The Board's response detailed the manner in which the parole maximum date was

calculated, and noted that as a convicted parole violator, Petitioner automatically forfeited credit for all of the time that he spent on parole and explained that Petitioner was only entitled to a backtime credit for the period of time during which the Board's detainer was the sole source of his detention. (C.R. at 95-96, Board's Response to Petition for Administrative Review.) Petitioner has timely appealed the Board's denial of his appeal to this Court.[3]

Before this Court, Petitioner renews his request for a recalculation of his maximum sentence date and challenges: (i) the Board's failure to take into account the sentencing order providing that his new and old sentences be served concurrently; (ii) the Board's denial of credit for his time at liberty on parole, and (iii) the Board's determination to give Petitioner what he characterizes as an excessive amount of backtime.

First, we reject Petitioner's argument that the Board was required to take into account the sentencing order with respect to the service of concurrent sentences. The Board is prohibited by statute from allowing new sentences to run concurrently with original sentences. Section 6138(a)(5) of the Prisons and Parole Code (Code) provides:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

---

[3] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

4

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(a)(5). This Court has recognized that Section 6138(a)(5) of the Code requires that convicted parole violators serve the backtime on their original state sentence before they can begin to serve time on a newly imposed sentence. *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160 (Pa. Cmwlth. 2016); *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767 (Pa. Cmwlth. 2015). Section 21.1a(a) of the former Parole Act,[4] precursor of Section 6138(a)(5) of the Code, prohibited the imposition by the trial court or by the Board of concurrent sentences. *Commonwealth v. Dorian*, 468 A.2d 1091 (Pa. 1983); *Commonwealth v. Zuber*, 353 A.2d 441 (Pa. 1976); *Walker v. Pennsylvania Board of Probation and Parole*, 729 A.2d 634 (Pa. Cmwlth. 1999). In *Palmer*, we noted that Section 6138(a)(5) was essentially identical to Section 21.1a(a), and therefore likewise prohibits trial courts from ordering that a sentence with a new conviction run concurrently with the time remaining on a convicted parole violator's original sentence. *Palmer*, 134 A.3d at 164. Accordingly, we discern no error in the Board's decision to require Petitioner to serve the backtime on his original sentence consecutive with, and prior to, his new 12-24 month sentence for Retail Theft.[5]

---

[4] Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 861, as *amended*, *formerly* 61 P.S. § 331.21a, repealed by the Act of August 11, 2009, P.L. 147.

[5] Petitioner does not aver that there was any plea agreement indicating that his new criminal sentence would run concurrently with his backtime. Even if there were such an agreement, it

Petitioner argues that the Board unreasonably denied him credit for time at liberty on parole without stating its reasons for its decision not to exercise its discretion to grant credit under Section 6138(a)(2.1) of the Prisons and Parole Code. We disagree. Section 6138(a)(2.1) of the Prisons and Parole Code provides the Board with discretion to award credit towards a convicted parole violator's maximum term expiration date for time spent at liberty on parole, except where the parolee falls within one of three disqualifying categories of convicted parole violators. 61 Pa. C.S. § 6138(a)(1)-(2.1). Under the prior version of Section 6138, recommitment without credit for time at liberty on parole was mandatory; this regime was altered on September 4, 2012, when the Act of July 5, 2012, P.L. 1050, No. 122, went into effect, adding language to Paragraph 2 and adding Paragraph 2.1 to Section 6138(a) of the Prisons and Parole Code. Section 6138(a) of the Prisons and Parole Code now provides, in relevant part:

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

> (2) If the parolee's recommitment is so ordered, *the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*

could not override Section 6138(a)(5) of the Code and would only constitute grounds to seek relief in the sentencing court and would not be grounds for reversal of the Board.

6

*(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:*

> *(i)    The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).*

> *(ii)   The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).*

61 Pa. C.S. § 6138(a)(1)-(2.1) (emphasis added). The disqualifying categories in Paragraph 2.1 that continue to require denial of credit do not apply here.

This Court has most recently addressed the argument raised by Petitioner in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016) (*en banc*). In *Pittman*, this Court held that the checking of the "No" box on the "[c]redit time spent at liberty on parole" line in its hearing report "demonstrates that the Board exercised discretion in denying [inmate] credit for time he spent at liberty on parole," and concluded that "the Board was not required to issue a statement of reasons for its decision" to deny credit. 131 A.3d at 609-10, 616.[6] Here, in addition to checking the "No" box, the Board explained that Petitioner had an extensive history of Retail Theft and continues to have drug and alcohol issues while on parole, despite efforts and progressive sanctions.

---

[6] On May 23, 2016, the Pennsylvania Supreme Court granted allowance of appeal in *Pittman* to address the following question: "Did the Parole Board abuse its discretion by summarily denying petitioner credit against his maximum sentence for time that he spent at liberty on parole following his recommitment as a convicted parole violator?" *Pittman v. Pennsylvania Board of Probation and Parole*, __ A.3d __ (Pa., No. 90 MAL 2016, filed May 23, 2016).

Finally, Petitioner challenges the Board's imposition of twelve months backtime as excessive. However, where, as is the case *sub judice*, the amount of backtime falls within the presumptive recommitment range, both this Court and our Supreme Court have ruled that courts will not review the Board's imposition of backtime. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990); *Lotz v. Pennsylvania Board of Probation and Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988). Petitioner was convicted of Retail Theft – Take Merchandise, a felony of the third degree under the Crimes Code, 18 Pa. C.S. § 3929(b)(iv), and the presumptive recommitment range for a parolee as a convicted violator as set forth in 37 Pa. Code § 75.2 is 6 to 12 months.

Accordingly, when the Board recommitted Petitioner, it correctly recalculated his maximum sentence date to reflect the 1,947 additional days owed on his original sentence.[7] The Board acted within its authority and did not err in recalculating Petitioner's maximum sentence date to reflect no credit for time spent at liberty on parole or in determining that he would not be seen for parole until October 22, 2015. For the foregoing reasons, the order of the Board is affirmed.

**JAMES GARDNER COLINS, Senior Judge**

---

[7] Petitioner was released on parole from his original sentence on April 15, 2013; at that time, his maximum sentence date was October 13, 2018, leaving 2,007 days remaining to serve. He received back time credit from the date of the Board's detainer to the date of his conviction on the new charges, or 60 days, which encompasses the entire period when Petitioner was held on the Board's detainer. Applying 60 days credit to 2,007 days yields a total of 1,947 days owed, and Petitioner became available to begin serving this time on December 22, 2015, when the Board obtained the necessary signatures to recommit him as a parole violator. Adding 1,947 days to December 22, 2015 yields a new parole violation maximum date of April 21, 2020. (C.R. at 89, Order to Recommit.)

8

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Melvin Cooper,                                  :
                                               :
        Petitioner                    :
                                               :
        v.                            :  No. 778 C.D. 2015
                                               :
Pennsylvania Board of                          :
Probation and Parole,                          :
                                               :
        Respondent                    :

**O R D E R**

AND NOW, this 16th day of August, 2016, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**